UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LA VON HANEY,

Plaintiff,

v.

DR. RICHARD CROSS, et al.,

Defendants.

No. 2:18-cv-1836 KJN P

ORDER

I. Introduction

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, the undersigned finds that plaintiff's complaint should be dismissed with leave to amend.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff alleges that at Shasta Medical Center, following a total knee arthroplasty on October 12, 2016, a John Doe physical therapist became distracted by conversation with correctional officers and failed to properly instruct plaintiff on how to navigate stairs. After plaintiff took the first step up the stairs, he heard a loud pop, and nearly fell to the floor, "screeching in pain." (ECF No. 1 at 4.) Despite the therapist's insistence that plaintiff continue trying to mount the stairs, plaintiff told the therapist that plaintiff could not put any weight on the knee, and it was subsequently discovered that plaintiff's left kneecap had dislocated. Due to Dr. Cross' unavailability, a different surgeon reattached the kneecap on October 14, 2016, and a brace was applied. Around October 16, 2016, plaintiff noticed blisters on his lower left shin; the nurse explained the blisters were "burns caused by something the defendant anesthesiologist did," leaving permanent scars and tissue damage. (ECF No. 1 at 4.) About 6 weeks later, the brace was removed and, despite meeting with plaintiff twice a week thereafter, the prison physical therapist defendant "Mike" was unable to increase plaintiff's flex to 120°; rather, plaintiff's left knee is now frozen to about 80°. Once plaintiff was able to walk without a walker, he realized he had developed a limp, which Mike documented. Later, defendants Risenhoover and Carson measured plaintiff's legs and determined that plaintiff's left leg is now 1.5 inches longer than his right, causing him severe chronic lower back pain and a permanent limp.

Defendants are Dr. Cross, the orthopedic surgeon who performed the initial arthroplasty, the physical therapist, and the surgeon who repaired his dislocated kneecap, and the

////

anesthesiologist, all employed at Shasta Medical Center. Plaintiff also names his prison primary care physician, Sue Risenhoover, LVN J. Carson, and "Mike," a CDCR physical therapist.

IV. Discussion

### A. Linkage and Causation

Section 1983 provides a cause of action for the violation of plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Here, plaintiff's complaint is defective because there is no basis to find that Dr. Cross and Dr. Miles or Mills, both outside surgeons at Shasta Medical Center, or John Doe, physical therapist, or the unidentified anesthesiologist, both employed at Shasta Medical Center, are state actors for purposes of section 1983. It appears that these medical professionals treated plaintiff at Shasta Medical Center and are not employees of the California Department of Corrections and

4

Rehabilitation, and thus do not qualify as state actors under section 1983.

B. Eighth Amendment Claims

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" Peralta v. Dillard, 744 F.3d 1076, 1081-82 (2014), quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012), quoting Jett, 439 F.3d at 1096 (quotation marks omitted).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord Wilhelm v. Rotman, 680 F.3d at 1122; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, plaintiff's dislocated kneecap and post-surgical condition are accepted as serious medical needs.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer v. Brennan, 511 U.S. 825, 835 (1994), quoting Whitley, 475 U.S. at 319. Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th

Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057, quoting Farmer, 511 U.S. at 837. "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Toguchi, 391 F.3d at 1057, quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need; and (b) harm caused by the indifference. Wilhelm, 680 F.3d at 1122, quoting Jett, 439 F.3d at 1096. More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotation marks omitted). Under Jett, "[a] prisoner need not show his harm was substantial." Id.; see also McGuckin, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary."). Furthermore, a "difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012), citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23, citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988, citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Even if the Shasta Medical Center defendants are state actors, plaintiff fails to set forth any facts demonstrating that they were deliberately indifferent to his medical condition. Performing a surgery incorrectly, or failing to properly instruct a patient on therapy, are not actionable as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d

at 1122. Even assuming such defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

As for the prison employee defendants, plaintiff sets forth no facts demonstrating how such defendants were deliberately indifferent. Plaintiff concedes that his leg was immobilized for about six weeks before physical therapist Mike was able to begin therapy. Plaintiff includes no facts demonstrating that plaintiff's inability to further flex his knee was based on the therapist's deliberate indifference rather than the lengthy period of immobility, or the result of his two surgeries. Further, plaintiff alleges that defendants Risenhoover and Carson measured plaintiff's legs and forwarded such information to Dr. Cross, who met with plaintiff via telemedicine. Plaintiff fails to explain how such actions evidence deliberate indifference. Again, to the extent that plaintiff contends Dr. Cross' surgery caused plaintiff's left leg to be longer, absent facts not alleged here, such claim would be negligence or, at most, medical malpractice, which fails to rise to the level of deliberate indifference.

Certainly, what happened to plaintiff is unfortunate and painful, but none of his allegations demonstrate that any of the defendants acted with a culpable state of mind. Plaintiff must allege facts demonstrating that each defendant was both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and must have also drawn the inference. <u>Farmer</u>, 511 U.S. at 837.

Because plaintiff's allegations support only a negligence cause of action, his complaint must be dismissed. However, in an abundance of caution, the court will grant leave to file an amended complaint.

C. <u>Leave to Amend</u>

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>See, e.g.</u>, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 13, 2019

/hane1836.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| LA VON HANEY,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. RICHARD CROSS, et al.,<br><br>    Defendants. | No. 2:18-cv-1836 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint

                                                  _____
                                                  Plaintiff