UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON HANEY, | No. 2:18-cv-1836 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. RICHARD CROSS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 5, 2020, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within thirty days. Plaintiff filed objections to the findings and recommendations.

In his objections, plaintiff reiterates, *inter alia*, his claim that he suffered permanent injuries and chronic pain due to the "botched surgery" by Dr. Cross, and complains that plaintiff's allegations should have been taken as true and plaintiff permitted to provide expert testimony to so demonstrate. However, the magistrate judge explained why plaintiff's allegations fail to rise to the level of an Eighth Amendment violation. (ECF No. 18 at 9-12.) While the court is not

1

unsympathetic to plaintiff's situation, the court cannot convert what is essentially a state law malpractice claim into a constitutional violation just because he is a state prisoner. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (same), overruled on other grounds, WMX Techs. Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Plaintiff's action is dismissed without prejudice to enable plaintiff to assert his claims in state court.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 5, 2020, are adopted in full;

2. Plaintiff's second amended complaint (ECF No. 14) is dismissed without prejudice;

3. Plaintiff's motion for injunctive relief (ECF No. 16) is denied;

4. Plaintiff's motion to vacate the referral (ECF No. 17) is denied; and

5. The Clerk of Court is directed to close this case.

DATED: December 7, 2020

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

---

[1] Plaintiff's complaint that the processing of his case was unreasonably delayed is well-taken. However, it has often been said that "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

2